# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **THOMAS HAMMOND,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **UNITED STATES OF AMERICA; THE** | § | **Case No. 1:21-cv-00686-RP** |
| **UNITED STATES POSTAL SERVICE;** | § | |
| **AND EVO TRANSPORTATION AND** | § | |
| **ENERGY SERVICES, INC.,** | § | |
| *Defendants* | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO:   THE HONORABLE ROBERT PITMAN**
**UNITED STATES DISTRICT JUDGE**

Before the Court is Plaintiff Thomas Hammond's First Amended Motion for Default Judgment Against Defendant EVO Transportation and Energy Services, Inc., filed December 3, 2021 (Dkt. 22). On April 8, 2022, the District Court referred the motion to the undersigned Magistrate Judge for Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

## I.   Background

From December 2018 through December 2019, Plaintiff Thomas Hammond was employed as a driver for Contracted Driver Services, Inc. ("CDS"). In July 2019, CDS contracted out Plaintiff's services to EVO Transportation and Energy Services, Inc. ("EVO Transportation"), a nationwide transportation provider for the United States Postal Service ("USPS"). Plaintiff alleges that on December 24, 2019, he was unloading mail at a USPS facility when "a defective loading ramp at

the Premises dropped onto his left foot," causing him serious personal injuries. Plaintiff's Original Complaint, Dkt. 1 ¶ 14.

On August 5, 2021, Plaintiff filed this negligence action under the Federal Torts Claim Act ("FTCA") against the United States of America, the USPS, CDS, and EVO Transportation. Plaintiff's Original Complaint, Dkt. 1. On November 3, 2021, Plaintiff filed his First Amended Complaint, adding gross negligence and premises liability claims.[1] Subsequently, Plaintiff voluntarily dismissed Defendant CDS.

Defendant EVO Transportation has made no appearance and failed to plead, respond, or otherwise defend. On December 3, 2021, the Clerk entered a default judgment against EVO Transportation pursuant to Federal Rule of Civil Procedure 55(a). Dkt. 21. Plaintiff now seeks a default judgment against EVO Transportation. Dkt. 22.

## II.   Legal Standard

Under Rule 55 of the Federal Rules of Civil Procedure, a default occurs when a defendant fails to plead or otherwise respond to a complaint within the time required. *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). After the defendant's default has been entered by the clerk of court, the plaintiff may apply for a judgment based on the default. *Id.* Even where the defendant is technically in default, however, a party is not entitled to a default judgment as a matter of right. *Lewis v. Lynn,* 236 F.3d 766, 767 (5th Cir. 2001). There must be a sufficient basis in the pleadings for the judgment entered. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Entry of default judgment is within the court's discretion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

---

[1] Plaintiff moves for default judgment based on Defendant EVO Transportation's failure to respond to Plaintiff's Original Complaint. EVO Transportation also has failed to answer or respond to Plaintiff's First Amended Complaint, and the time for response under Federal Rule of Civil Procedure 15(a)(3) has elapsed.

Courts have developed a three-part test to determine whether to enter a default judgment. First, the court considers whether entry of default judgment is procedurally warranted. *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008). Second, the court assesses the substantive merits of the plaintiff's claims to determine whether there is a sufficient basis in the pleadings for judgment. *Id.* Finally, the court determines what relief, if any, the plaintiff should receive. *Id.*

### III.     Analysis

Plaintiff asks the Court to enter default judgment against EVO Transportation and find EVO Transportation liable for damages. Plaintiff's motion is premature because his claims against the United States of America remain pending. As a general rule, "when one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against that defendant until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted." 10A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2690 (4th ed. 2022 Update). This rule stems from *Frow v. De La Vega*, 82 U.S. 552, 554 (1872), in which the Supreme Court reasoned that

> if the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike—the defaulter as well as the others. If it be decided in the complainant's favor, he will then be entitled to a final decree against all. But a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal.

Based on *Frow*, numerous courts have held that where there is a potential for joint liability against multiple defendants, the court should withhold entry of a final default judgment to avoid the risk of inconsistent adjudications. *See, e.g.*, *Jones v. Allure Staffing Sols., LLC*, No. 1:19-CV-1057-RP, 2020 WL 5026871, at *2 (W.D. Tex. Aug. 24, 2020) (finding that it would be improper to enter final default judgment until judgment is obtained against answering defendants), *R. & R.*

*adopted*, No. 1:19-CV-1057-RP, 2020 WL 10054528 (W.D. Tex. Sept. 7, 2020); *Hamilton v. EnerSafe, Inc.,* No. SA-15-CA-00965-DAE, 2018 WL 7018025, at *3 (W.D. Tex. Sept. 18, 2018) (same), *R. & R. adopted*, No. 5:15-CV-965-DAE, 2018 WL 7822064 (W.D. Tex. Dec. 19, 2018); *Wieck v. Synrg. Royce LLC*, No. A-17-CV-599-LY, 2018 WL 620048, at *1-2 (W.D. Tex. Jan. 30, 2018) ("If the court did otherwise, it might enter judgment for the plaintiff against the defaulting defendant, only to later enter judgment *against* the plaintiff on the same claim against the other defendant."), *R. & R. adopted*, No. A-17-CV-599-LY, 2018 WL 4732083 (W.D. Tex. Aug. 17, 2018); *Levitation Arts, Inc. v. Fascinations Toys & Gifts, Inc.*, No. A-07-CA-990-SS, 2009 WL 10669490, at *4-5 (W.D. Tex. May 28, 2009) (stating that default judgment should not be entered until case has been decided as to all defendants).

Because Plaintiff's claims against the United States of America remain pending and Plaintiff seeks to hold the defendants jointly and severally liable, it would be inappropriate to enter a default judgment against EVO Transportation at this time.

## IV.    Recommendation

Based on the foregoing, the undersigned Magistrate Judge **RECOMMENDS** that the District Court **DENY WITHOUT PREJUDICE** Plaintiff Thomas Hammond's First Amended Motion for Default Judgment Against Defendant EVO Transportation and Energy Services, Inc. Dkt. 22.

**IT IS FURTHER ORDERED** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable Robert Pitman.

## V.    Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to

4

the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on June 3, 2022.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE